### SUTTON v. ADAMS, Secretary of State, et al.
No. 67-183.

Circuit Court, Leon County.

October 15, 1967.

Milton E. Grusmark, Miami Beach, for plaintiff.

Earl Faircloth, Attorney General, Wilson Wright, Assistant Attorney General, and Robert A. Chastain, Assistant Attorney General, for defendants.

HUGH M. TAYLOR, Circuit Judge.

*Final decree:* This cause came on for final hearing before the court. The parties have agreed that the plaintiff is a resident of Dade County and is the holder of liquor license no. 313 issued by the state of Florida permitting the sale of intoxicating beverages. He is the owner and holder of a federal import permit permitting him to import spiritous wines and liquors for resale. The parties agree further that plaintiff is a registered and qualified voter in the state of Florida and a qualified elector who has been a citizen of the United States for more than ten years preceding the filing of this suit.

The court finds the foregoing facts.

Plaintiff seeks a declaration that §99.161 (1) (b), Florida Statutes, is unconstitutional. The subsection involved is embodied with certain provisions enacted by the legislature seeking to control election contributions by persons holding a license for the sale of intoxicating beverages.

Prior to 1965, §99.161 (1) stated —

"(b) No person holding a license for the sale of intoxicating beverages, nor any member of an unincorporated association holding such a license, nor any officer or director of a corporation holding such a license, shall make, directly or indirectly, any contribution of any nature to any political party or to any candidate for nomination for, or election to, any political office in the state."

In 1965 the legislature amended the foregoing provision by an addition of the following —

"provided however that these prohibitions shall not apply to members of country clubs, fraternal, social, and cultural organizations."

The contention of the plaintiff is that the subsection under attack is unconstitutional in that no reasonable classification exists. The court concludes that notwithstanding the fact that the constitutionality of §99.161, Florida Statutes, as written prior to 1965 was upheld in Smith v. Ervin, 64 So. 2d 166, the amendment added by the 1965 session of the legislature is unconstitutional for the reasons as contended by the plaintiff. It appears,

however, that subsection (1)(b) of §99.161 is severable from the remainder of §99.161, since this is the only subsection that has a direct or adverse effect upon the plaintiff and others similarly situated.

It is, therefore, ordered, adjudged and decreed as follows —

(1) This court has jurisdiction of the parties and the subject matter of this cause.

(2) Subsection (1)(b) of §99.161, Florida Statutes 1965, is declared null, void and inoperative.